# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-0981-L** |
| | § | |
| **CORELLA YVONNE BEASLEY**, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| **SPRINT/UNITED MANAGEMENT** | § | |
| **COMPANY, JP MORGAN CHASE** | § | |
| **BANK, N.A. and FIDELITY** | § | |
| **INVESTMENTS**, | § | |
| | § | |
| Garnishees. | § | |

## MEMORANDUM OPINION AND ORDER

On June 11, 2008, the government filed an application for writs of garnishment, including against Garnishee Sprint/United Management Company ("Garnishee" or "Sprint").  It seeks garnishment to satisfy a criminal restitution order against Defendant Corella Yvonne Beasley ("Defendant" or "Beasley") that has a remaining debt balance of $46,608.  The court ordered issuance of a writ of garnishment against Sprint on June 24, 2008, and the writ was issued on June 26, 2008.  The government sought to garnish "any property in which Beasley has a substantial nonexempt interest and for which [Sprint is] or may become indebted to Beasley."  Writ of Garnishment (June 26, 2008) 2.

Sprint filed its first answer on September 24, 2008.  It stated that Beasley is employed by Sprint, included information about her wages and withholding, and also stated that it had custody,

**Memorandum Opinion and Order - Page 1**

control, or possession of her 401(k) account. Sprint claimed an exemption for the retirement account, stating that Beasley's "401(k) account is protected under ERISA's anti-alienation provision." Answer (Sept. 24, 2008) 3.

The government responded to Sprint's answer, and it contends that Beasley's retirement account is subject to garnishment. It asks the court to deny Sprint's request for exemption. In support of its argument, the government contends that ERISA plans are not exempt from enforcement of federal criminal restitution. The government cites several cases, largely from district courts, in support of its contention, and it points out that Sprint has failed to provide any factual or legal support with its objection.

Sprint then filed two additional answers on October 15, 2008, and October 30, 2008. In the October 15, 2008 answer, it included Beasley's earnings, 85 shares of an Employee Stock Purchase Plan, and $73 for reimbursement pursuant to her Health Care Reimbursement Account. In this filing, it contends that Beasley's Health Care Reimbursement Account is protected by ERISA's anti-alienation provision. In the most recent answer filed October 30, 2008, Sprint lists only Beasley's wages and her Health Care Reimbursement Account. In the live answer, Sprint does not include Beasley's 401(k) account or her shares in the Employee Stock Purchase Plan. In the October 30, 2008 filing, Sprint objects to garnishment of Beasley's Health Care Reimbursement Account, again citing ERISA's anti-alienation provision.

The government responded to these answers on November 19, 2008. The government argues that the court should look only to the latest answer and consider only Sprint's objection to garnishment of Beasley's Health Care Reimbursement Account. It argues again that ERISA's anti-alienation provisions do not prevent garnishment of ERISA accounts.

**Memorandum Opinion and Order - Page 2**

Sprint filed a response to the government's brief on March 3, 2009.  It contends that both the 401(k) plan and its Health Care Reimbursement Plan are governed by certain documents limiting Beasley's access to those accounts and that the government does not have greater rights to access and use than does Beasley.  It states that if the government proceeds against either account, the court "should limit said effort consistent with the aforementioned conditions."  Sprint's Supp. (Mar. 3, 2009) 3, ¶ 6.  The government did not respond to Sprint's brief.

The court has reviewed the parties' arguments and the relevant case law.  In the latest brief, it appears Sprint objects to garnishment of both Beasley's 401(k) account and Health Care Reimbursement Account, and the court will therefore address both objections.  It notes that Sprint has failed to cite any relevant authority in support of its objections.  The court determines that the government is correct and that ERISA's anti-alienation provision does not prevent the garnishment of Beasley's 401(k) and Health Care Reimbursement Accounts.  Although the Fifth Circuit Court of Appeals has not specifically ruled on this issue, the court finds the reasoning and conclusion of a district court in this circuit persuasive:

> Congress has decreed that federal criminal fines and restitution orders are to be treated as if they were debts for delinquent taxes. 18 U.S.C. § 3613(a), (c); *United States v. Rice*, 196 F. Supp. 2d 1196, 1202 (N.D. Okla. 2002).  In *Shaunbaum v. United States*, the Fifth Circuit held that ERISA's anti-alienation provision does not prevent the United States from seizing ERISA pension funds to satisfy a debt for delinquent taxes. 32 F.3d 180, 183 (5th Cir. 1994). The Fifth Circuit reasoned that IRC § 6321 creates a lien for unpaid taxes in favor of the United States. *Id*. IRC § 6331 gives the IRS authority to levy on all property subject to certain enumerated exemptions. *Id*. Pension plan benefits are not an enumerated exemption. *Id*. Thus, while a private creditor might be precluded from garnishing an ERISA-protected plan, *see Guidry v. Sheet Metal Nat'l Pen. Fund*, 493 U.S. 365, 110 S.Ct. 680, 107 L. Ed. 2d 782 (1990), the United States government faces no such bar.

**Memorandum Opinion and Order - Page 3**

*United States v. Sowada*, 2003 WL 22902613, *2 (E.D. La. Dec. 8, 2003).  As in *Sowada*, the court does not find that Beasley's 401(k) account or Health Care Reimbursement Account meets any enumerated exemption set forth in 26 U.S.C. § 6334.

Accordingly, the court follows *Sowada* and **denies** Sprint's objections to the garnishment of Beasley's 401(k) account and Health Care Reimbursement Account.  The court **directs** the government to file a proposed final writ of garnishment against Sprint no later than **January 22, 2010**.

The only other remaining garnishee in this case is Fidelity Investments ("Fidelity"), against whom a writ of garnishment was ordered on January 8, 2009.  Fidelity filed answers on February 13, 2009, February 17, 2009, and February 19, 2009.  Fidelity did not include any objections in these answers.  Accordingly, to the extent the government seeks garnishment against Fidelity, it is ordered to file a proposed final writ of garnishment against Fidelity no later than **January 22, 2010**.

**It is so ordered** this 8th day of January, 2010.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 4**